UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DTL, INC. | § |
| | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § CIVIL ACTION NO. 4:10-cv-4164 |
| | § |
| | § |
| BASS UNDERWRITERS, INC., *et al*, | § |
| | § |
| | § |
| | § |
| Defendants. | § |

**MEMORANDUM AND ORDER**

Pending before the Court is DTL, Inc.'s ("Plaintiff" or "DTL") Motion to Remand. (Doc. No. 7.) Having considered the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that Plaintiff's Motion to Remand should be granted.

I.  BACKGROUND

DTL is a Texas corporation that performs bail bonding services at various Texas locations. DTL alleges that a number of its commercial properties were damaged by Hurricane Ike in September 2008. DTL held two insurance policies issued by Bass Underwriters, Inc. ("Bass"), BUD 3447 and BUD 3446, which covered the relevant commercial properties ("the Bass insurance policies") from August 4, 2008 to August 4, 2009. DTL alleges that, in addition to property damage, Hurricane Ike caused significant business and profit losses, and that both were covered under the Bass insurance policies. DTL filed insurance claims with Bass shortly after the storm for both types of losses. DTL alleges that Bass retained the claims adjusting

1

services of Gulf Coast Claims Service ("Gulf Coast"), a Texas Corporation, and S.I. Raphael, Ltd., Inc. t/a Raphael & Associates ("Raphael"), a New Jersey Corporation.

DTL filed the present lawsuit against Bass, as well as Raphael, Claim Solve Inc., and John Michalek in the 164th Judicial District Court of Harris County, Texas, alleging that Defendants were responsible for denying and/or underpaying its insurance claims. DTL brings claims of breach of contract and the duty of good faith and fair dealing, as well as common law fraud and violations of the Texas Insurance Code against Defendants related to the adjustment and alleged underpayment of DTL's claims. Defendant John Michalek filed a timely Notice of Removal on the basis of diversity jurisdiction. (Doc. No. 1.) In his Notice of Removal, John Michalek acknowledged that he is a Texas citizen, and is therefore not diverse from DTL. Rather, John Michalek argued that he was improperly joined in this action because there is no reasonable basis for the Court to predict that DTL might be able to recover against him in state court and, therefore, his citizenship should not be considered for purposes of jurisdiction.

After the case was removed, DTL amended its complaint to join Gulf Coast Adjustment Service of Houston d/b/a Gulf Coast Claims Service ("Gulf Coast")[1] and Jim Michalek,[2] Gulf Coast's owner. It is undisputed that both Gulf Coast and James Michalek are Texas citizens. Following DTL's amended complaint, however, Defendants filed an amended response to DTL's Motion to Remand, arguing that James Michalek's and Gulf Coast's citizenship should be disregarded because they too were improperly joined.

II.   **LEGAL STANDARD**

The removal statute, 28 U.S.C. § 1441(a), provides:

---

[1] DTL initially sued Claim Solve, Inc. in error because it believed that Claim Solve, Inc. was the company doing business as Gulf Coast Claims Service.
[2] DTL sued Jim Michalek. "Jim," however, appears to be a nickname for "James," Michalek's legal name. The Court will hereinafter refer to Jim Michalek and James Michalek.

2

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). The party that seeks removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). Courts must strictly construe removal statutes in favor of remand and against removal. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).

Under the fraudulent joinder doctrine, "federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly joined non-diverse and/or in-state defendant." *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). To establish fraudulent joinder, the removing party must prove either that there has been actual fraud in the pleading of jurisdictional facts, or that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against that party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005). The defendant must demonstrate that there is no possibility of recovery by the plaintiff against the non-diverse defendant, that is, that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the non-diverse defendant. *Id.* at 573 (citations omitted). A court may resolve this issue in one of two ways: by conducting a Rule 12(b)(6)-type analysis, looking at the allegations of the complaint to determine whether it states a claim under state law against the non-diverse defendant, or by piercing the pleadings and conducting a summary judgment-type inquiry. *Id.* Ordinarily, if a plaintiff can survive a

3

12(b)(6)-type challenge, there is no improper joinder. *Id.* A court, in its discretion, however, may pierce the pleadings and conduct a summary-judgment type inquiry if it determines that there are "discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. When determining whether a party has been improperly joined, all factual allegations must be evaluated "in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

In sum, to defeat DTL's Motion for Remand, Defendants must show that this case was properly removed to this Court under 28 U.S.C. § 1441. In order to do so, Defendants must demonstrate that there is no reasonable basis for the Court to predict that DTL might be able to recover against Gulf Coast, James Michalek, or John Michalek.

### III. ANALYSIS

The parties do not dispute that Gulf Coast and James and John Michalek are all Texas citizens ("the Texas Defendants"). Defendants instead argue that the Texas Defendants were improperly joined in this case because, they contend, the Texas Insurance Code does not provide for liability against insurance adjusters. Alternatively, Defendants submit affidavits allegedly demonstrating that none of the Texas Defendants participated in the adjustment of DTL's insurance claims. Defendants ask the Court to pierce the pleadings and consider these affidavits because they allegedly demonstrate that the Texas Defendants could not have contributed to any of the violations that caused DTL's harm. Thus, Defendants contend, there is no reasonable possibility that DTL could recover against the Texas Defendants in state court.

Among other causes of action, DTL's original petition, filed in Harris County (the "Original Petition"), alleges that, along with Bass and Raphael, the Texas Defendants committed

4

various violations of the Texas Insurance Code. Defendants dispute the validity of any causes of action against insurance adjusters, arguing that they have no liability to insureds like DTL. Defendants argue that the Texas Defendants are not in contractual privity with DTL and, therefore, cannot be liable to the company. In support of their position, Defendants cite a line of cases involving common law contract claims. *See, e.g., Natividad v. Alexsis, Inc.*, 875 S.W.2d 695 (Tex. 1993). *Natividad* and other similar cases Defendants cite are inapposite, however, because they hold only that an adjuster owes no duty of *good faith and fair dealing* to an insured due it its lack of privity with the insured. *Natividad*, 875 S.W.2d at 697-698. The United States Court of Appeals for the Fifth Circuit subsequently held that *Natividad* was limited to the common law claim of breach of good faith and fair dealing, and does not apply to statutory claims under the Texas Insurance Code. *Gasch v. Hartford Indemnity Co.*, 491 F.3d 278, 283 (5th Cir. 2007) (holding that extension of *Natividad* to Texas Insurance Code claims is "clearly precluded"). Thus, although DTL's claims of breach of contract and of the duty of good faith and fair dealing are not valid against the Texas Defendants, the cases Defendants cite do no preclude liability against the Texas Defendants under the Texas Insurance Code.

Defendants next argue that adjusters are not "persons" for purposes of liability under the Texas Insurance Code because they do not "engage in the business of insurance." They cite a single Northern District of Texas case in support of this position. *See Woodward v. Liberty Mut. Ins. Co.*, No. 3:09-CV-0228-G, 2009 U.S. Dist. LEXIS 56257 (N.D. Tex. July 2, 2009). The case, in actuality, holds that an *appraiser* appointed by the insurance company after the policy's appraisal clause was invoked was not a person for purposes of the Texas Insurance Code. The court did not address an *adjuster*'s liability under the Texas Insurance Code.

Indeed, the Texas Insurance Code defines a "person" as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." Tex. Ins. Code § 541.002(2) (emphasis added); *see also Campos v. American Bankers Ins. Co. of Florida, et al.*, No. H-10-0594, 2010 WL 2640139 (S.D. Tex. June 30, 2010). Not only does the statutory definition specifically list "adjuster" as one of the class of persons that engages in the business of insurance, but the Texas Supreme Court has specifically held that "[t]he business of insurance includes the investigation and adjustment of claims and losses." *Vail v. Texas Farm Bur. Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1988) (citing *Aetna Casualty & Surety Co. v. Marshall*, 724 S.W.2d 770, 771-72 (Tex. 1987)). Moreover, in addition to finding *Natividad* was limited to claims of breach of good faith and fair dealing, the *Gasch* court specifically held that adjusters responsible for the servicing of insurance policies engage in the business of insurance and are, therefore, subject to the Texas Insurance Code. 491 F.3d 278 at 282. Thus, the plain language of the Texas Insurance Code, as well as Texas Supreme Court and Fifth Circuit precedent clearly demonstrate that independent adjusters like John and James Michalek, as well as independent adjustment companies like Gulf Coast, can be held liable under the Texas Insurance Code.

The Court finds that DTL's allegations do in fact state a claim under state law against the Texas Defendants, and, if proven true, do create the reasonable possibility that DTL could prevail on the claims. The Court notes that this result is consistent with recent Southern District of Texas opinions involving similar facts and circumstances. *See, e.g., Centaurus Inglewood, LP v. Lexington Ins. Co.*, --- F.Supp.2d ----, 2011 WL 679916 (S.D. Tex. Feb. 9, 2011); *Campos v. American Bankers Ins. Co. of Florida, et al.*, No. H-10-0594, 2010 WL 2640139 (S.D. Tex. June

6

30, 2010); *Seabrook Marina, Inc. v. Scottsdale Ins. Co.*, --- F. Supp. 2d ---, 2010 WL 2383771 (S.D. Tex. June 9, 2010); *Cruz v. Standard Guar. Ins. Co.*, No. H-10-0352, 2010 WL 2269846 (S.D. Tex. June 4, 2010); *Harris v. Allstate Tex. Lloyd's*, No. H-10-0753, 2010 WL 1790744 (S.D. Tex. Apr. 30, 2010); *Ample Bus. Inv., L.P. v. Am. States Ins. Co.*, No. H-10-0802, 2010 WL 1737114 (S.D. Tex. Apr. 29, 2010).

Defendants nonetheless argue that, even if DTL's pleadings state valid claims against the Texas Defendants, the Court should pierce the pleadings and consider affidavit evidence, which affirms that neither Gulf Coast nor John or James Michalek played a role in the adjustment of DTL's claims. (*See* Doc. Nos. 11-1, 11-2, 11-3, 17-11.) Specifically, John Michalek's affidavit states that he "did not personally adjust DTL's claims and did not visit" a list of nine of DTL's properties. (John Michalek Aff. ¶ 2, Doc. No. 11-1.) John Michalek further affirms that he "never spoke with any of DTL's owners and/or representatives," nor did he "communicate[] with any of DTL's owners and/or representatives." (*Id.* ¶ 3.) He also denies evaluating the damages and business and profit losses claimed by DTL or preparing estimates for the repairs of the alleged damages. (*Id.* ¶ 4.) Finally, John Michalek claims that he "did not review the estimates generated" or "make decisions regarding the application of any coverage exclusions relating to the claim made by DTL." (*Id.* ¶¶ 5-6.) Two other affidavits submitted by Defendants corroborate John Michalek's statements. (*See* Affidavits of Janet Darwick and Paul L. Lincoln, Doc Nos. 11-2, 11-3.) James Michalek filed a nearly identical affidavit in which he asserts that neither he nor Gulf Coast "personally adjusted DTL's claim made under Policy Number BUD 3447." (James Michalek Aff. ¶ 2, Doc. No. 17-11.) The affidavit uses slightly different language, however, with regard to Policy Number BUD 3446, stating that neither he nor Gulf Coast "adjusted DTL's claim made under BUD 3446." (*Id.* ¶ 3.) The affidavit, tellingly, omits

the word "personally" when affirming Gulf Coast's lack of involvement in the adjustment of DTL's claim under Policy Number BUD 3446. Indeed, at oral argument, Defendants conceded that an independent adjuster affiliated with Gulf Coast played a role in adjusting DTL's claim under Policy Number BUD 3446. Moreover, Defendants submitted a copy of a letter on Gulf Coast letterhead addressed to DTL dated November 11, 2008, which denies DTL's claim under Policy Number BUD 3446. (Doc. No. 17-9.)

Furthermore, DTL has submitted an affidavit from its insurance agent, Nancy Wilson, which affirms that employees of Raphael referred her to John Michalek after informing her that "the reason payment of the claim was dragging on was the fact that they had not received the information that they needed." (Nancy Wilson Aff., Doc. No. 11-4.) Wilson claims that she spoke to John Michalek on more than one occasion regarding the DTL claim and that he told her that "everything had been sent forward to Bass." (*Id.*) When Wilson checked with Raphael employees regarding the necessary information, they told Wilson that they had not received the documentation, so Wilson "went back and forth between speaking with John Michalek and employees of Raphael & Associates." (*Id.*)

Whether to pierce the pleadings to conduct a summary judgment-type analysis is a decision for the Court in its discretion. *Smallwood*, 385 F.3d at 573-74. The Fifth Circuit has cautioned that "that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* In this case, Defendants appear to argue that the Court should undertake such an inquiry because their affidavit proof presents discrete and undisputed facts that would preclude DTL's recovery against the Texas Defendants because they were not involved in the adjustment of DTL's claims and, thus, their conduct could not give rise to any alleged Texas Insurance Code violations. The

conflicting facts presented by the evidence, however, do not conclusively demonstrate that the Texas Defendants were not involved in the complained of conduct. Indeed, as Plaintiff points out in its motion, the two Michalek affidavits simply list a number of actions they did not undertake. Notably, the affidavits do not state that no one from Gulf Coast participated in adjusting DTL's claim or that individuals working on behalf of Gulf Coast did not communicate with DTL regarding its claim through the mail or through its insurance agent, Nancy Wilson. Indeed, the evidence shows that DTL's insurance agent communicated with John Michalek regarding DTL's claims and that Gulf Coast sent at least one letter to DTL in which it denied DTL's claim under Policy Number BUD 3446. Drawing all inferences in Plaintiff's favor, at the very minimum, there remains a genuine issue of material fact as to whether the Texas Defendants were involved in the adjustment of DTL's claims in a manner that could give rise to liability under the Texas Insurance Code.

Thus, even when looking beyond the pleadings, the record does not demonstrate that there is no reasonable possibility Plaintiff could recover against the Michaleks or Gulf Coast in state court. The Court accordingly concludes that the Texas Defendants were not improperly joined in this action. As a result, complete diversity does not exist and this Court lacks jurisdiction. Remand is therefore appropriate.

## IV.   CONCLUSION

Because Defendants have failed to establish that each of the Texas Defendants was improperly joined in this case, the Court lacks diversity jurisdiction. DTL's Motion to Remand is therefore **GRANTED**. This action is hereby **REMANDED** to the 164th District Court of Harris County, Texas.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 9th day of May, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE